IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ORANGE MEEKS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 15-2650-JAR-GLR |
| **KU MEDICAL CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

Plaintiff filed this action pro se on March 10, 2015, submitting a form civil rights complaint, along with an application to proceed in forma pauperis. The form complaint listed as Defendants KU Medical Center, Dr. Ann Pizzi, and "all of Ann Pizzi's nurses." He stated that he is a citizen of Kansas and that the other known defendants are citizens of Kansas. Plaintiff provided no other information in the Complaint, other than his address, a Kansas City trial designation, and a request for a jury trial. Magistrate Judge Rushfelt conditionally granted Plaintiff's motion to proceed in forma pauperis, but found that the Complaint lacked a jurisdictional basis and failed to provide any notice of Plaintiff's claims against these defendants.

This matter is before the Court pursuant to Judge Rushfelt's Notice and Order to Show Cause (Doc. 10). The Order required Plaintiff to show good cause by April 28, 2015, why this case should not be dismissed for lack of jurisdiction and for failure to state a claim. Plaintiff timely filed his response, providing some factual averments about the nature of his claims and asking the Court not to dismiss his case. For the reasons stated below, the Court finds that Plaintiff has not made a sufficient good cause showing and this case must be dismissed.

Unlike state courts, federal courts are courts of limited jurisdiction and, as such, must

have a statutory or Constitutional basis to exercise jurisdiction.[1]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3]  Here, "[P]laintiff bears the burden of showing why the case should not be dismissed."[4]  Mere conclusory allegations of jurisdiction are not enough.[5]

There are two statutory bases for federal subject matter jurisdiction.  First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states."  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the Court has federal question or diversity jurisdiction over some claims, it may exercise supplemental jurisdiction over state law claims.[6]

Because Plaintiff is a pro se litigant, the court must construe his pleadings liberally and

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co.*, 135 S. Ct. 547 (2015).

[3] *Montoya*, 296 F.3d at 955.

[4] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6] 28 U.S.C. § 1367.

apply a less stringent standard than that which is applicable to attorneys.[7]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[9]

Liberally construing Plaintiff's Complaint with the aid of his response to the order to show cause, Plaintiff appears to allege state law tort claims against KU Medical Center, Dr. Pizzi, and her nurses.  He claims that he was administered a shot without consent, that he was allergic to the medicine, and that his allergic reaction rendered him disabled.  Plaintiff does not appear to allege a federal claim, and because he and all of the Defendants are Kansas citizens, there is no diversity jurisdiction over his claims.  Accordingly, the Court lacks a basis to exercise jurisdiction in this matter and must dismiss this case without prejudice.

**IT IS SO ORDERED.**

**Dated: May 5, 2015**

 S/ Julie A. Robinson

**JULIE A. ROBINSON**

**UNITED STATES DISTRICT JUDGE**

---

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[8] *Id.*

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).